DANIEL S. PEARSON, Judge,
dissenting.
After correctly characterizing our remand as being one “to aid us in our determination whether the judgment on liability was supported by competent evidence,” the panel opinion goes on to assert — incorrectly — that “no competent evidence on liability was presented to the court.” The reconstructed record, however, contains the undisputed affidavits of Marc Ferrara, the injured plaintiff, and Nancy Balkany, Ph.D., recounting not some proffer, but evidence on the liability issue in the form of the testimony of Marc Ferrara at the trial. Marc’s affidavit says that, in part, he testified before the jury that:
“1. I had been out in the boat with some friends. I had picked up the bang stick to load it. I checked the safety and it was in place. I put the bang stick down and picked up the things I needed to prepare to load the bang stick. When I picked the bang stick up again, I checked the safety. It looked like it was in place. As I loaded the bang stick it went off, blowing off a part of my hand.
“2. Sometime after the accident, I inspected the bang stick and learned that the bang stick safety can pop out of place just by laying the bang stick down on its side, as I did the day of the accident. Even when it’s popped out of place, it looks like it’s in place. I didn’t know that at the time of the accident, and it made me really mad when I found out because it would have been so easy and cheap to avoid. I’m still really angry at Belcher for designing something like this. It’s just a cheap bobby pin, not really a safety at all.”
Dr. Balkany’s affidavit corroborates that Marc testified how the accident happened and described to the jury “the bobby pin design of the safety device and his anger when, after the accident, he saw the inadequacy of the safety.” And (more importantly, in light of the quibbling in note 1 in the majority opinion) paragraph 3 of the Statement of Proceedings As Settled and Approved” says that “[t]he plaintiff testified as to how the accident happened,” and Exhibit D attached to the Statement (the affidavit of plaintiff’s attorney) recounts Marc Ferrara’s trial testimony even as it appears in his affidavit.
Thus, the trial judge had before him competent substantial evidence to support the entry of a directed verdict for the plaintiff. That he earlier “defaulted” the defendants, or announced that he was directing a verdict before Marc Ferrara’s testimony was presented, is absolutely beside the point; these actions of the trial judge could not possibly have made any difference to the voluntarily absent defendants.
I would affirm the judgment in its entirety.